**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YOSVANY ARRASCAETA BORIS,

Petitioner,

v.

Case No. 2:26-cv-02472-MIS-SCY

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso ICE Field Office Director; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement; TODD BLANCHE, Attorney General; and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner Yosvany Arrascaeta Boris's pro se Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed July 29, 2026. Respondents Mary De Anda-Ybarra, David Venturella, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a Response on August 7, 2026, ECF No. 7.

Petitioner is a citizen of Cuba who entered the United States in February 2024 via an appointment made on the CBP One app and was paroled into the country for two years. Id. at 1; Pet. at 6, ECF No. 1. Petitioner's application for permanent residency under the Cuban Adjustment Act was terminated on July 31, 2025. Resp. at 1, ECF No. 7. "Petitioner was granted a court date

[1] Respondent Warden, Torrance County Detention Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

for asylum and adjustment of status that was scheduled for December 6, 2026. Id. On April 22, 2026, Petitioner was detained by ICE after a Florida Highway Patrol traffic stop. Id. at 1-2. He has remained in detention since that time and has not received a bond hearing. See Pet. at 2, ECF No. 1. "On July 10, 2026, an Immigration Judge [IJ] ordered that Petitioner did not file any applications within the time limit and found that Petitioner abandoned any and all claims for relief or protection from removal." Resp. at 2, ECF No. 7. The IJ ordered him removed to Cuba. Order of the IJ at 1, ECF No. 7-3. Petitioner appealed. Resp. at 2, ECF No. 7.

Petitioner challenges his detention on constitutional grounds and seeks immediate release. Pet. at 7, ECF No. 1.

Respondents argue that Petitioner should be treated like an arriving alien and be subject to 8 U.S.C. § 1225 since his parole expired at the time of his arrest. Resp. at 4-5, ECF No. 7. Respondents also argue, however, that the Due Process Clause applies to Petitioner because he has "established a cognizable liberty interest through substantial connections to the United States." Id. at 5. Respondents "do not object to an order requiring a bond hearing" but "do object to Petitioner's request for immediate release." Id. at 6.

"Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" Brown v. Davenport, 596 U.S. 118, 132 (2022) (first quoting 28 U.S.C. § 2241, then quoting 28 U.S.C. § 2243). Habeas corpus "is an 'adaptable remedy,' and the 'precise application and scope' of the review it guarantees may change 'depending upon the circumstances.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 152 (2020) (Breyer, J., concurring) (quoting Boumediene v. Bush, 553 U.S. 723, 779 (2008)).

Based on Respondents' statements that Petitioner is entitled to rights under the Due Process Clause and that Respondents do not oppose a bond hearing, Resp. at 5-6, ECF No. 7, and because Petitioner is otherwise subject to mandatory detention under § 1225 as a parolee whose parole has lawfully terminated, Fuenmayor v. Mullin, 830 F. Supp. 3d 1104, 1108 (D.N.M. 2026), the Court grants habeas relief in the form of a bond hearing by a neutral Immigration Judge to determine whether Petitioner presents a danger to the community or a flight risk. The Court retains jurisdiction to ensure compliance with its Order.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Yosvany Arrascaeta Boris's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED** consistent with this order;
2. Respondents are **ORDERED** to provide Petitioner with a bond hearing;
3. Respondents **SHALL** file a Notice of Compliance with this Order; and
4. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE