**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YOSVANY ARRASCAETA BORIS,

Petitioner,

v.

Case No. 2:26-cv-02472-MIS-SCY

WARDEN, Torrance County Detention Center; MARY DE ANDA-YBARRA, El Paso ICE Field Office Director; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement; TODD BLANCHE, Attorney General; and MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security,

Respondents.

**ORDER GRANTING MOTION FOR RECONSIDERATION AS FOLLOWS**

**THIS MATTER** is before the Court on Petitioner Yosvany Arrascaeta Boris's pro se Motion for Reconsideration, filed August 20, 2026. ECF No. 11. Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, on July 29, 2026. Respondents Mary De Anda-Ybarra, David Venturella, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a Response on August 7, 2026, ECF No. 7. The Court granted the Petition on August 13, 2026, and ordered Respondents to provide Petitioner with a bond hearing. Order at 3, ECF No. 8.

[1] Respondent Warden, Torrance County Detention Center, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

Respondents filed Notice of Compliance on August 20, 2026. ECF No. 10. Petitioner filed a Motion for Reconsideration on August 24, 2026. ECF No. 11. Upon review of the bond hearing, the Court finds it constitutionally inadequate and orders Petitioner's immediate release.

Petitioner is a citizen of Cuba who entered the United States in February 2024 via an appointment made on the CBP One app and was paroled into the country for two years. Resp. at 1, ECF No. 7; Pet. at 6, ECF No. 1. On April 22, 2026, Petitioner was detained by ICE after a Florida Highway Patrol traffic stop. Resp. at 1-2, ECF No. 7. He has remained in detention since that time. See Pet. at 2, ECF No. 1. "On July 10, 2026, an Immigration Judge [IJ] ordered that Petitioner did not file any applications within the time limit and found that Petitioner abandoned any and all claims for relief or protection from removal." Resp. at 2, ECF No. 7. The IJ ordered him removed to Cuba. Order of the IJ at 1, ECF No. 7-3. Petitioner appealed. Resp. at 2, ECF No. 7. Petitioner challenged his detention on constitutional grounds and sought immediate release. Pet. at 7, ECF No. 1.

Respondents argued that Petitioner should be treated like an arriving alien and be subject to 8 U.S.C. § 1225 since his parole had expired at the time of his arrest. Resp. at 4-5, ECF No. 7. Respondents also argued, however, that the Due Process Clause applies to Petitioner because he has "established a cognizable liberty interest through substantial connections to the United States." Id. at 5. Respondents "[did] not object to an order requiring a bond hearing." Id. at 6.

The Court found Petitioner was subject to § 1225 as a Petitioner whose temporary parole expired, Order at 2, ECF No. 8, and granted him "habeas relief in the form of a bond hearing by a neutral Immigration Judge to determine whether Petitioner presents a danger to the community or a flight risk." *Id.* The Court retained jurisdiction to ensure compliance with its Order. *Id.*

Respondents filed Notice of Compliance stating Petitioner received a bond hearing at which Petitioner was denied bond. ECF No. 10 at 1; Order of IJ at 1, ECF No. 10-1. Petitioner filed a Motion for Reconsideration asking the Court to grant his release. ECF No. 11.

Upon review of the IJ's order denying bond, the Court finds the IJ's reasoning for denying bond due to flight risk constitutionally inadequate. ECF No. 10-1 at 1. The IJ denied bond due to flight risk because "Ordered Removed - pending appeal. Violation of laws." *Id.* Petitioner has no criminal history. Form I-213 at 3, ECF No. 7-2. If the IJ was considering only the immigration laws broken and the order of removal, that does not constitute an adequate bond hearing. See Salinas Rodriguez v. Warden, No. 2:26-CV-02400-MIS-LF, 2026 WL 2364465, at *2 (D.N.M. Aug. 14, 2026) ("Instead, the Immigration Judge labeled Petitioner a 'flight risk' based solely on the fact that he is subject to a removal order. This explanation assumes that all noncitizens subject to a removal order are per se flight risks. This cannot be the law. If all noncitizens subject to a removal order were per se flight risks, they would never be entitled to bond, and providing them a bond hearing would be meaningless.") (citation omitted).

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012)

(quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

To comport with due process a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. Salinas Rodriguez, 2026 WL 2364465, at *2-3. Because Petitioner did not receive an individualized bond determination based on his actual circumstances, his bond hearing was constitutionally inadequate. Id. As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy.

The Court further orders that Petitioner shall not be re-detained without a pre-deprivation, individualized bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk,[2] based on his specific circumstances, consistent with this Order. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Yosvany Arrascaeta Boris's Motion for Reconsideration, ECF No. 11, is **GRANTED**;
2. Petitioner's Petition for Habeas Corpus is **GRANTED** consistent with this Order;
3. Respondents are **ORDERED** to immediately release Petitioner from custody/detention;
4. Respondents **SHALL** return all of Petitioner's seized belongings to Petitioner;

---

[2] See Nunez Lopez v. Noem, Civ. No. 26cv641 JB/JFR, 2026 WL 2124044, at *6-9 (D.N.M. July 23, 2026); Salinas Rodriguez, 2026 WL 2364465, at *2-3.

5. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk, based on his specific circumstances, consistent with this Order; and

6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE